TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

Case No. 18-cv-11277

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
------------------------------------------------------------X
XIN LI,
*on her own behalf and on behalf of others similarly situated*

                           Plaintiff,

                           v.

CHINESE BODYWORKS INC
    d/b/a Chinese Bodyworks; and
S & L FOOT & BACK RUB INC
    d/b/a S & L Foot & Back Rub and;
ZHEN ZHEN WENG,
YA JUAN LI, and
XINSHU PIAO

                           Defendants.
------------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

Plaintiff XIN LI (hereinafter referred to as Plaintiff), on behalf of herself and others similarly situated, by and through her attorney, Troy Law, PLLC, hereby brings this complaint against Defendants CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub and ZHEN ZHEN WENG, YA JUAN LI, and XINSHU PIAO, and alleges as follows:

**INTRODUCTION**

1.    This action is brought by the Plaintiff XIN LI, on behalf of herself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law,

NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.  Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost.

4.  Plaintiff further alleges pursuant NJWHL that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.  From on or about May 01, 2015 to June 30, 2017 Plaintiff XIN LI was employed by Defendants to work as a foot care worker at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back

Rub.

## DEFENDANTS

*Corporate Defendants*

8. Defendant CHINESE BODYWORKS INC d/b/a Chinese Bodyworks is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 1529 Lemoine Avenue, Fort Lee, NJ 07024.

9. CHINESE BODYWORKS INC d/b/a Chinese Bodyworks is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. CHINESE BODYWORKS INC d/b/a Chinese Bodyworks purchased and handled goods moved in interstate commerce.

11. Defendant S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 454 Main St, Fort Lee, NJ 07024.

12. S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

14. ZHEN ZHEN WENG known as Boss to Plaintiff and Registered Agent for S & L FOOT & BACK RUB INC, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employee records at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC.

15. ZHEN ZHEN WENG, together with YA JUAN LI, decided to hire Plaintiff.

16. At the end of her employment with CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

17. Plaintiff fought with ZHEN ZHEN WENG before she quit.

18. ZHEN ZHEN WENG paid Plaintiff and other employees every pay day.

19. ZHEN ZHEN WENG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

20. YA JUAN LI known as Lady Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC.

21. YA JUAN LI spoke with Plaintiff after Plaintiff was referred by her friend to work for CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

22. YA JUAN LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with

CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

23. XINSHU PIAO and Process Agent for CHINESE BODYWORKS INC d/b/a Chinese Bodyworks, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

24. XINSHU PIAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

## STATEMENT OF FACTS

### Corporate Defendants Constitute a Joint Enterprise

25. Upon information and belief, Corporate Defendants CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub are joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

26. At all times relevant herein, CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

27. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

29. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

30. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

32. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

33. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

34. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

35. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

36. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

37. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

38. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

39. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

40. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

41. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

42. At all relevant times, Defendants knowingly and willfully failed to provide

Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

43. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff XIN LI*

44. From on or about May 01, 2015 to November 28, 2016 and again from February 08, 2017 to June 30, 2017, Plaintiff XIN LI was employed by Defendants to work as an employee doing foot and back rub and massages at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub.

45. Plaintiff primarily worked at S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub, though she had also worked two (2) to three (3) days at CHINESE BODYWORKS INC d/b/a Chinese Bodyworks.

46. From on or about May 01, 2015 to November 28, 2016 and again from February 08, 2017 to June 30, 2017, Plaintiff XIN LI's regular work schedule ran from from 10:30 (picked up to go to store) to arrival at store and work from 11:00 to 23:00 (departure to leave store) for twelve (12) hours on Tuesdays through Sundays for six (6) days for seventy two (72) hours a week for a total of 72.00 hours each week.

47. At all relevant times, Plaintiff XIN LI did not have a fixed time for lunch or for dinner.

48. During this time, Plaintiff XIN LI was on call. She was not allowed to leave

the store.

49. Instead, Plaintiff XIN LI had to wait for customer to come.

50. Instead, Plaintiff XIN LI had to eat her meal when there is down time at the restaurant, and her eating time is not fixed. If a customer came, her break stopped and she had to serve the customer first.

51. From on or about May 01, 2015 to November 28, 2016 and again from February 08, 2017 to June 30, 2017, Plaintiff XIN LI was a commissioned worker.

52. In particular, her commission was as follows: she was paid at a rate of fifteen dollars ($15.00) per hour worked and ($8) per half an hour of work if there is work.

53. Where Plaintiff was at the store but business was slow or there was no customer, Plaintiff was not paid anything.

54. On a regular workweek, Plaintiff would earn between sixty dollars ($60) and seventy dollars ($70) on a busy day in commission and thirty dollars ($30) and fifty dollars ($50) on a non-busy day on Tuesdays through Fridays.

55. Typically, the store is not busy on Tuesdays through Fridays. At most, there are one (1) to two (2) busy weeks every ten (10) weeks.

56. On a regular workweek, Plaintiff would earn around one hundred dollars ($100) on a busy day in commission and around seventy five dollars ($75) on a non-busy days on Saturdays and Sundays.

57. Typically the store is busy on Saturdays and Sundays, with the exception of winter, where the store is busy half of the time and not busy the other half of the time.

58. On a regular week, Plaintiff would earn forty dollars ($40) in commission per weekday for four (4) days and one hundred dollars ($100) in commission per weekend day.

59. In total, then, Plaintiff would earn three hundred sixty dollars ($360) for seventy two (72) hours worked.

60. In equivalent hourly terms, Plaintiff earned around five dollars ($5) an hour, vastly lower than one and a half time (1.5x) the minimum wage as required by the FLSA Section 7(i) exemption for overtime for non-commissioned worker.

61. Further, Plaintiff XIN LI was not even paid at least the minimum wage for all hours worked.

62. At all relevant times, Plaintiff XIN LI was not paid overtime pay for overtime work.

63. At all relevant times, Plaintiff XIN LI was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

64. Throughout her employment, Plaintiff XIN LI was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

66. Plaintiff brings her NJWHL claims pursuant to Federal Rules of Civil

Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

67. All said persons, including Plaintiff, are referred to herein as the "Class."

68. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

69. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

70. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are not exempt for Section 7(i) of the FLSA as their commission was not at least one and one half (1.5x) the minimum wage for all

hours worked, and accordingly:

    c.    Whether Plaintiff and Class members are entitled to at least the minimum wage for all hours worked under the NJWHL;

    d.    Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

    e.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    f.    Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

    g.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

71.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

72.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are

experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

73.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]**

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Plaintiff is employed by Defendants within the meaning of NJWHL.

77. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

78. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

79. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT II.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

82. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

83. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

84. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

85. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

86. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

87. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT III.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]**

88. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

90. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

91. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants her full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## COUNT IV.
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs Brought on behalf of the Plaintiff and the Class]**

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

94. Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of her electricity delivery bicycle.

95. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

96. Plaintiff purchased, maintained and repaired the electric bicycle at her own expense.

97. Plaintiff performed these deliveries for the sole benefit of the Defendants.

98. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

99. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

100. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result,

Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

101.    Defendants owe Plaintiff her overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 9% simple prejudgment interest provided by NYLL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

July 1, 2018

                                            TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

/s/ Aaron Schweitzer
Aaron Schweitzer
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
troylaw@troypllc.com