**LEVINE AND BLIT, PLLC**
**Adam Kominsky, Esq.**
**19 Engle Street**
**Tenafly, NJ 07670**
**(201) 201-567-5172**
**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIN LI, <br><br>          Plaintiff, <br><br> v. <br><br> CHINESE BODYWORKS INC., <br> S & L FOOT & BACK RUB INC., <br> ZHEN ZHEN WENG, YA JUAN LI, and <br> XINSHU PIAO, <br><br>          Defendants. | No. 2:18-cv-11277 <br><br><br> **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION** |

LEVINE & BLIT, PLLC
Adam Kominsky, Esq.
Justin S. Clark, Esq.
19 Engle Street
Tenafly, NJ 07670
(201) 201-567-5172
*Attorneys for Defendants*

April 1, 2019

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................... ii

I. PRELIMINARY STATEMENT................................................................................ 1

II. RELEVANT BACKGROUND.................................................................................. 1

III. ARGUMENT IN OPPOSITION................................................................................ 2

    A. Plaintiff Failed to Submit Admissible Evidence Demonstrating a Modest Factual Nexus Between Her Situation and the Situation of the Putative Collective.......................................................................................................... 2

    B. Should the Court Grant Plaintiff's Motion for Conditional Certification, Defendants Request the Following Modifications to the Proposed Notice and Proposed Order....................................................................................... 3

        1. The Putative Collective Should Be Limited to Workers Providing Massage Services............................................................................... 3

        2. Defendants Object to Providing Information Regarding Putative Class Members Other Than Last Known Address.................................. 4

            a. Production of Information Regarding Social Media such as Facebook, Whats App, and We Chat Is Excessive......................... 4

        3. A Ninety Day Opt-In Period is Excessive and Unnecessary..................... 5

        4. Objections to the Substance of the Proposed Collective Notice.................. 6

        5. Equitable Tolling Should Not Be Allowed................................................. 6

        6. Translation of the Notice into Chinese....................................................... 7

        7. All Additional Relief Requested by Plaintiff Should Be Denied................ 7

IV. CONCLUSION........................................................................................................... 7

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Clarke v Flik Intl. Corp.*,
   2018 US Dist LEXIS 139052 (D. N.J. Aug. 16, 2018)...................................................... 6

*Contreras v. Land Restoration LLC*,
   2017 US Dist LEXIS 22842 (W.D. Tex. Feb. 17, 2017)..................................................... 4

*Hernandez v City of NY*,
   2017 US Dist. LEXIS 102285 (S.D.N.Y. June 29, 2017).................................................. 5

*Krupp v Impact Acquisitions LLC*,
   2016 US Dist. LEXIS 171445 (E.D. Wis. Dec. 12, 2016)................................................. 5

*Landry v. Swire Oilfield Servs., L.L.C.*,
   252 F. Supp.3d 1079 (D.N.M. 2017)................................................................................ 6

*Lanqing Lin v. Everyday Beauty Amore, Inc.*,
   2018 U.S. Dist. LEXIS 207988 (E.D.N.Y. Dec. 10, 2018)............................................ 3, 5

*Lemmers v. Gary Pools, NC.*,
   2016 US Dist LEXIS 181160 (W.D. Tex. May 23, 2016)................................................. 5

*Magee v. Francesca's Holdings Corp.*,
   2018 US Dist LEXIS 190698 (D.N.J. Nov. 6, 2018)......................................................... 4

*Murray v. Silver Dollar Cabaret, Inc.*,
   2017 US Dist LEXIS 17462 (W.D. Ark. Feb. 8, 2017)..................................................... 4

*Porter v Merrill Lynch Pierce Fenner & Smith, Inc.*,
   2018 US Dist. LEXIS 192061 (D.N.J. Nov. 9, 2018)....................................................... 5

*Ruehl v. Viacom, Inc.*,
   500 F.3d 375 (3d Cir. 2007)............................................................................................. 2

*She Jian Guo v Tommy's Sushi Inc.*,
   2014 US Dist LEXIS 147981 (S.D.N.Y. Oct. 16, 2014)................................................ 3, 6

*Steinberg v. TD Bank, N.A.*,
   2012 US Dist LEXIS 89086 (D.N.J. June 27, 2012)..................................................... 4, 5

*White v. Rick Bus Co.*,
   743 F.Supp.2d 380 (D.N.J. 2010)..................................................................................... 2

## I. PRELIMINARY STATEMENT

Defendants Chinese Bodyworks Inc. ("CBI"), S & L Foot & Back Rub Inc. ("S&L"), Zhen Zhen Weng, Ya Juan Li, and Xinshu Paio (collectively, "Defendants") oppose plaintiff Xin Li's ("Plaintiff") Motion for Conditional Collective Certification pursuant to 29 U.S.C. § 216(b) because Plaintiff has failed to demonstrate a modest factual nexus between herself and the putative collective members. As such, the Court should deny Plaintiff's Motion for Conditional Collective Certification.

## II. RELEVANT BACKGROUND

The instant action for unpaid wages brought pursuant to the Fair Labor Standards Act and the analogous New Jersey statutes was commenced on July 1, 2018. Plaintiff claims that she worked for Defendants "as an employee doing foot and back rub massages". Affidavit of Xin Li (Doc. # 33-2) ("Li Aff."), ¶ 3. Plaintiff alleges that she was paid by Defendants on a commission basis. Li Aff., ¶ 8. Plaintiff alleges that she worked seventy-two hours per week and was compensated with about $360.00 per week. Li Aff., ¶ 16.

Plaintiff claims that she "befriended some of the co-workers who worked as Foot Care and Back Care Employees who suffered same [sic] practice and policy of Defendants." Li Aff., ¶ 23. Plaintiff makes unsupported or unverified references to ten of her alleged co-workers: "Anna", "Helen", "Lucy", HongLi Qu a/k/a "Cindy", "Lily", Lei Pang a/k/a "Sophia", "Nancy", "Jenny", HongYu He, and Fei Xu. Li Aff., ¶¶ 24, 31, 38, 45, 52, 59, 66, 71, 76, 83. Plaintiff claims that she 'knows' that her alleged co-workers were subject to the same pay practices as Plaintiff because "I have talked with other employees and know it is common policy that all employees have same working time and commission rate." Li Aff., ¶¶ 44, 51, 58, 65, 82. Plaintiff claims to know Fei Xu's hours worked and compensation because "we talked about schedule and commission several times...." Li Aff., ¶ 89. Plaintiff further speculates as to the hours worked and compensation of

1

"Nancy" and "Jenny", who allegedly worked at a different location than Plaintiff. Li Aff., ¶¶ 68-75.

On March 15, 2019, Plaintiff filed her Motion for Conditional Collective Certification. In support of her Motion, Plaintiff did not submit any documents or testimony, other than her own hearsay statements and speculation, attempting to show a common practice or policy affecting her and the putative collective.

## III. ARGUMENT IN OPPOSITION

### A. Plaintiff Failed to Submit Admissible Evidence Demonstrating a Modest Factual Nexus Between Her Situation and the Situation of the Putative Collective

In order to obtain conditional collective certification, "the District Court of New Jersey 'requir[e] the plaintiffs to show a modest factual nexus between their situation and that the proposed class members.'" *White v. Rick Bus Co.*, 743 F.Supp.2d 380, 387 (D.N.J. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 388 n. 17 (3d Cir. 2007)). "On conditional certification motions, just as with summary judgment motions, courts do not consider evidence that is inadmissible." *White*, 743 F.Supp.2d at 388-89. Affidavits based upon hearsay, speculation, and unsubstantiated assertions cannot provide a modest factual nexus between a plaintiff and the putative collective. *See White*, 743 F.Supp.2d at 387-389 (collecting cases and denying conditional certification since plaintiff's certification made "blanket assertions" and was based upon hearsay).

Here, the existence of a common unlawful pay practice or policy is supported only by Plaintiff's hearsay and speculation. Plaintiff claims that she somehow "knows" that her alleged co-workers were subject to the same pay practices as Plaintiff because "I have talked with other employees and know it is common policy that all employees have same working time and commission rate." Li Aff., ¶¶ 44, 51, 58, 65, 82. Plaintiff claims to know Fei Xu's hours worked and compensation because "we talked about schedule and commission several times...." Li Aff., ¶

2

89. Plaintiff further speculates as to the hours worked and compensation of "Nancy" and "Jenny", who, according to Plaintiff, worked at a different location than Plaintiff. Li Aff., ¶¶ 68-75. Simply put, Plaintiff has failed to present any admissible evidence that the alleged unlawful compensation practices she claims injured her also applied to her alleged co-workers and injured her alleged co-workers. In sum, Plaintiff has failed to prove a modest factual nexus between her situation and the situation of the putative collective; therefore, Plaintiff's Motion for Conditional Collective Certification should be denied.

### B. Should the Court Grant Plaintiff's Motion for Conditional Certification, Defendants Request the Following Modifications to the Proposed Notice and Proposed Order

#### 1. The Putative Collective Should Be Limited to Workers Providing Massage Services

Based upon Plaintiff's Memorandum of Law in Support, Plaintiff appears to claim that all non-exempt employees of Defendants properly belong in the putative collective. Pl. Mem. in Support, p. 4. Plaintiff has not submitted any evidence, even in inadmissible form, to demonstrate that Defendants' workers other than those providing massage services were subjected to unlawful pay practices. As such, Defendants request that conditional certification be denied, or, in the alternative, that the putative collective be limited to workers who provided massage services. *See.e.g., Lanqing Lin v. Everyday Beauty Amore, Inc.*, 2018 U.S. Dist. LEXIS 207988 (E.D.N.Y. Dec. 10, 2018) (the court limited the scope of conditional certification because the plaintiff did not submit any supporting information regarding other employees); *see also She Jian Guo v Tommy's Sushi Inc.*, 2014 US Dist LEXIS 147981, at *8-9 (S.D.N.Y. Oct. 16, 2014) (the court held that conditional certification was proper only for delivery personnel as the plaintiffs' attempt to broaden the class was not supported).

3

## 2. Defendants Object to Providing Information Regarding Putative Class Members Other Than Last Known Address

In *Steinberg v. TD Bank, N.A.*, 2012 US Dist LEXIS 89086, at *28-31 (D.N.J. June 27, 2012), the court rejected plaintiff's attempt at obtaining information such as telephone numbers and social security numbers. The court held that based on prior rulings in FSLA cases, notice outside first-class mail was onerous and excessive. *Id.* In addition, in *Magee v. Francesca's Holdings Corp.*, 2018 US Dist LEXIS 190698, at *12-14 (D.N.J. Nov. 6, 2018), the court denied the plaintiff's request for information beyond last the known addresses and stated as follows: "[r]egarding the request for specific information regarding class members, courts generally do not order the disclosure of personal information beyond mailing addresses, absent a showing that notice via first class mail would be insufficient." Here, Plaintiff has not made any showing regarding that traditional notice via first class mail would be insufficient. Plaintiff's counsel appears to speculate that putative collective members may be difficult to reach because they are immigrants, but this fact has not been established or proven to be an issue in distributing the notice in this action. Therefore, the Court should decline to order Defendants to provide all of the personal information requested other than last known address, which should be provided to Plaintiff's counsel within thirty (30) days of Court approval of the notice.

### a. Production of Information Regarding Social Media such as Facebook, Whats App, and We Chat Is Excessive

There is simply no basis requiring the dissemination of the social media information for the putative collective, and Plaintiff's request that the defendants potentially pay for such postings is patently absurd. *See Contreras v. Land Restoration LLC*, 2017 US Dist LEXIS 22842 (W.D. Tex. Feb. 17, 2017) (the court denied plaintiffs' application for social media information); *see also Murray v. Silver Dollar Cabaret, Inc.*, 2017 US Dist LEXIS 17462 (W.D. Ark. Feb. 8, 2017) (notice by alternative means including via Facebook was denied). As Plaintiff does not rely on any

4

caselaw obligating Defendants to compile this information or even pay for making any social media posts, this request should be denied. *See Lemmers v. Gary Pools, NC.*, 2016 US Dist LEXIS 181160, at *7 (W.D. Tex. May 23, 2016) ("Court agrees Plaintiff has not provided any case law or arguments why the Court should allow the alternative means of distribution for the class notice via Facebook message."); *Lanqing Lin v. Everyday Beauty Amore, Inc.*, 2018 US Dist LEXIS 207988 (E.D.N.Y. Dec. 10, 2018) (court rejected request to provide WeChat ID and/or Facebook usernames in a case involving the same counsel as the instant action).

### 3.     A Ninety Day Opt-In Period is Excessive and Unnecessary

In *Steinberg v TD Bank, N.A.*, 2012 US Dist. LEXIS 89086, at *28-31 (D.N.J. June 27, 2012), the court furnished the plaintiff with a 45-day opt-in period and held "[a] 45-day opt-in period is sufficient. Plaintiffs have offered no reason, and this Court can see none, why a 45-day notice period would be insufficient." *See also Porter v Merrill Lynch Pierce Fenner & Smith, Inc.*, 2018 US Dist. LEXIS 192061, at *14-15 (D.N.J. Nov. 9, 2018) (allowing sixty-day period); *Hernandez v City of NY*, 2017 US Dist. LEXIS 102285, at *35-36 (S.D.N.Y. June 29, 2017) (court granted sixty days for an opt-in period and rejected plaintiff's application for 90 day period); *Krupp v Impact Acquisitions LLC*, 2016 US Dist. LEXIS 171445, at *12-13 (E.D. Wis. Dec. 12, 2016) (court approved a 45 day opt-in period). Plaintiff claims, without supporting evidence, that because the employees are immigrants or may be in the process of "migration", that the putative collective should be allowed additional time to opt-in. Pl. Mem. in Support, p. 12.  Plaintiff has failed to offer any evidence that would necessitate a lengthy opt-in process; therefore, the 90-day proposed opt-in period is excessive and the Court should provide at most a 45-day opt-in period.

5

### 4. Objections to the Substance of the Proposed Collective Notice

The Notice should contain a statement that any recovery will be reduced by plaintiffs' counsel's fees. *See She Jian Guo v Tommy's Sushi Inc.*, 2014 US Dist LEXIS 147981 (S.D.N.Y. Oct. 16, 2014) (court characterized this type of notice as being "standard" in conditional certification cases). The Notice should also contain a statement that in the event plaintiffs are not successful they may be responsible for Defendants' costs. *Clarke v Flik Intl. Corp.*, 2018 US Dist LEXIS 139052, at *32 (D. N.J. Aug. 16, 2018). In *Clarke*, Judge Chesler declared, the "Court finds that the statement proposed by Defendants is appropriate, as it makes clear that, by opting in, an employee effectively becomes a party in the case and thus there is a possibility that he or she will be responsible for Defendants' costs in the event the plaintiffs are not successful." 2018 US Dist LEXIS 139052, at *32; *see also Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp.3d 1079 (D.N.M. 2017) (court required notice to contain a statement that plaintiffs could be responsible for defendant's attorneys' fees).

### 5. Equitable Tolling Should Not Be Allowed

Citing to paragraph 20 of Li's Affidavit, Plaintiff argues that the putative collective's claims should be equitably tolled from July 1, 2015, the date of commencement of this action, allegedly because Defendants did not post the notices required by the FLSA and its regulations. Pl. Mem. in Support, p. 10. However, Li's did not testify that the FLSA notices were not posted; rather, her affidavit reads "I was never informed of hourly rate pay or any tip deductions toward the minimum wage nor given any wage notices explaining my pay rate." Li Aff., ¶ 20. As such, Plaintiff has failed to present evidence that equitable tolling is required. Alternatively, if equitable tolling is considered, it should be limited to March 15, 2016, three years prior to the filing of the instant Motion.

6

### 6. Translation of the Notice into Chinese

Defendants do not object to the Notice being sent in both the English and Chinese languages, but requests that the Plaintiff provide a copy to Defendants' counsel of the Chinese version of the Notice at least seven (7) days prior to mailing of the Notice. Defendants request that Plaintiff bear the cost of translating the Notice into Chinese.

### 7. All Additional Relief Requested by Plaintiff Should Be Denied

Although not addressed or argued in Plaintiff's Memorandum in Support, Plaintiff's Proposed Order contains additional relief such as cost-shifting provisions and equitable tolling during the opt-in period. Plaintiff has not argued these positions in her Memorandum of Law in Support or identified any cases in her Memorandum of Law that support these requests. As such, the requests for relief in the Proposed Order that went unargued and unsupported by Plaintiff should be denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court deny Plaintiff's Motion for Conditional Collective Certification. Alternatively, if conditional collective certification is granted, Defendants respectfully request that the Proposed Notice is amended to limit the scope of the putative collective to workers providing massage services, provide an opt-in period of forty-five days, decline to allow for equitable tolling, and Order that a collective list containing only the names and last known addresses of putative collective members be disclosed by Defendants to Plaintiff within thirty days of the approval of the Proposed Notice.

Respectfully submitted,

LEVINE & BLIT, PLLC

Dated: April 1, 2019

_____/s_____
Adam Kominsky, Esq.

Justin S. Clark, Esq.

8