**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIN LI, *on her own behalf and on behalf of others similarly situated*, | |
| **Plaintiff**, | Civil Action No. 18-11277 (ES) (JAD) |
| v. | OPINION |
| CHINESE BODYWORKS, INC, *et al.*, | |
| **Defendants**. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Xin Li's ("Plaintiff") motion to conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (D.E. No. 32 ("Motion" or "Mot.")). The Court has jurisdiction under 28 U.S.C. § 1331. Having considered the parties' relevant submissions, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court DENIES Plaintiff's motion *without prejudice*.

**I.      Background**

Plaintiff brings this action on behalf of herself and others similarly situated to her against two corporate defendants (Chinese Bodyworks Inc. and S & L Foot & Back Rub Inc. ("Defendant Stores")) and three owner/operator defendants (Zhen Zhen Weng, Ya Juan Li, and Xinshu Piao ("Individual Defendants")) (collectively, "Defendants") for alleged violations of the FLSA and the

New Jersey Wage and Hour Law. (D.E. No. 1 ("Complaint" or "Compl.") ¶ 1).[1] Plaintiff alleges that "[f]rom on or about May 01, 2015 to November 28, 2016 and again from February 08, 2017 to June 30, 2017, [she] was employed by Defendants to work as an employee doing foot and back rub and massages at [Defendant Stores]." (*Id.* ¶ 44). Plaintiff alleges that she worked 72 hours per week without a fixed time for lunch or dinner. (*Id.* ¶¶ 46–47). She further alleges that she was a commissioned worker, paid at a rate of $15.00 per hour worked and $8.00 per half hour worked. (*Id.* ¶¶ 51–52). Plaintiff claims that she was only compensated for the time she worked and was not paid anything if she was at the store and "business was slow or there was no customer." (*Id.* ¶ 53). Ultimately, Plaintiff claims that she earned around $360.00 for 72 hours worked, or in equivalent hourly terms, around $5.00 per hour. (*Id.* ¶¶ 59–60).

Based on these facts, Plaintiff alleges that the Defendants (i) violated the New Jersey Wage and Hour Law by failing to pay minimum and overtime wages (Counts I and III); (ii) violated the FLSA by failing to pay overtime wages (Count II); and (iii) breached an implied contract (Count IV).[2] Defendants filed an answer to the Complaint on August 17, 2018. (D.E. No. 18). On March 15, 2019, Plaintiff filed the present motion to conditionally certify a collective action under the FLSA.[3] (D.E. No. 32). Defendants oppose the motion. (D.E. No. 35).

---

[1] Plaintiff alleges that the Store Defendants are "joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 U.S.C. § 203(r)." (Compl. ¶ 25). Plaintiff also alleges that each Individual Defendant is jointly and severally liable with the Store Defendants. (*Id.* ¶¶ 19, 22 & 24).

[2] Count IV states a claim for "Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle . . . ." (Compl. ¶¶ 92–101). Based on the allegations in the rest of the Complaint, the Court believes that this Count may have been inadvertently included in the Complaint, as there are no allegations that Plaintiff or the putative collective and class members were hired as *deliverymen* for Defendants.

[3] Plaintiff also asks the Court to approve her proposed notice, find that the opt-in period should extend back three years from the date of the Complaint, approve a 90 day opt-in period, order Defendants to post notice at Defendants' stores, and order Defendants to produce contact information of potential opt-ins. (*See* Mot. at 1–2; D.E. No. 34 ("Mov. Br.") at 11–12). Because the Court denies the Motion, it does not address these requests.

## II.    LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). In Section 216(b), the FLSA grants employees the right to bring suit on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see Symczyk*, 569 U.S. at 69. Such an FLSA suit, not to be confused with a class action under Federal Rule of Civil Procedure 23, is known as a "collective action." "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To become parties to an FLSA collective action, employees must affirmatively opt-in by filing written consents with the court. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242–43 (3d Cir. 2013) (citing 29 U.S.C. § 216(b)). "This feature distinguishes the collective-action mechanism under Section 216(b) from the class-action mechanism under Federal Rule of Civil Procedure 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out." *Id.* at 243.

Courts in this Circuit approach collective action certification under the FLSA by engaging in a two-step process. *Id*. The first step is deciding whether to grant "conditional certification"—the type of certification at issue here. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013). Applying a "fairly lenient standard," courts make a preliminary determination as to whether the named plaintiffs have made a "modest factual showing" that the employees identified in their complaint are "similarly situated." *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 535 & 536 n.4 (3d Cir. 2012). "Under the modest factual showing standard, a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in

which it affected other employees." *Symczyk*, 656 F.3d at 193 (internal quotation marks omitted). "Being similarly situated" means that members of a collective action are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

A court's grant of conditional certification is an exercise of its "discretionary power, upheld in *Hoffmann-La Roche*, to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under FLSA." *Symczyk*, 656 F.3d at 194 (internal quotation marks and citations omitted). Upon a court's preliminary determination that the plaintiffs have successfully produced some evidence of similarly situated employees, notice of the suit is sent to the class of employees, who may join the action by returning a signed consent form to the court. *Camesi*, 729 F.3d at 242–43 (citing 29 U.S.C. § 216(b)).

The second step is deciding whether to grant final certification. *Symczyk*, 656 F.3d at 193. During this step, the plaintiffs must satisfy a preponderance of the evidence standard. *Zavala*, 691 F.3d at 537. In other words, the plaintiffs will have to show that it is "more likely than not" that "plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.*

## III. DISCUSSION

In the present motion, Plaintiffs seek conditional certification of a collective of employees who worked at Defendant Stores as "store workers" between July 1, 2015, and the date of this Opinion. (Mov. Br. at 4). Defendants argue that "Plaintiff has failed to demonstrate a modest factual nexus between herself and the putative collective members." (D.E. No. 35 ("Def. Opp. Br.") at 1). Even under the "fairly lenient standard" used to consider motions for conditional certification, *Zavala*, 691 F.3d at 535, the Court agrees.

Plaintiff relies on her Complaint and affidavit as factual support for the Motion (*see* Mov.

Br. at 1; D.E. No. 33-2 ("Li Affidavit")), but neither document suffices to show a "factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees,"[4] *see Symczyk*, 656 F.3d at 193. At a minimum, this standard requires a showing that other employees are similarly situated to Plaintiff, and that they too were affected by the alleged common policies of failing to pay minimum wage and withholding overtime pay. (*See* Compl. ¶ 65); *see, e.g.*, *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 382 & 389 (D.N.J. 2010).

First, the Complaint fails to make this modest factual showing since it only contains generalizations and legal conclusions about the putative collective members; the Complaint does not put forth any relevant facts for the Court to consider regarding similarly situated employees. (*See, e.g.*, Compl. ¶¶ 28, 36, 37, 42, 77 & 84 (alleging a number of actions Defendants took or did not take with respect to "Plaintiff and similarly situated employees" or Plaintiff "and the collective action members"); *see also id.* ¶ 65 (describing the collective action allegations)).

Second, although Plaintiff's affidavit provides some additional information about the putative collective members, it ultimately fares no better. The first 21 paragraphs of the affidavit simply repeat allegations made in the Complaint. (*Compare* Li Affidavit ¶¶ 1–21, *with* Compl. ¶¶ 7 & 44–64). In the remainder of the affidavit, Plaintiff describes several of her co-workers[5] "who suffered [from the] same practice and policy of Defendants." (Li Affidavit ¶ 23). But the affidavit

---

[4] As an initial matter, the Court notes that Plaintiff's submissions are inconsistent with respect to which employees Plaintiff seeks to include in the purported collective action. In the Complaint, Plaintiff seeks to certify a collective of "all other and former non-exempt employees who have been or were employed by the Defendants . . . and whom were not compensated" for all hours worked and for overtime. (Compl. ¶ 65). Then, in the Motion, Plaintiff seeks conditional certification of "[a]ll persons employed . . . by [Defendants] as store workers [excepting corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees]" at two specific store locations, without any mention of the wages these employees were paid or not paid. (Mov. Br. at 4). Yet, throughout the motion, Plaintiff also continually refers to "all of the ***non-managerial*** personnel employed by the Defendants." (Mov. Br. at 1, 9 & 13). And in the proposed notice of collective action, Plaintiff again slightly changes the description of the collective. (D.E. No. 33-3 at 1).

[5] Plaintiff does not always provide a full name for her co-workers. Plaintiff does provide some other information, such as approximate age, hair color, height, and where the co-worker is from.

fails to provide factual allegations about how these co-workers are similarly situated to Plaintiff. To start, Plaintiff simply states that these co-workers "worked at the store," but does not state their positions, or even that they are non-exempt or non-managerial employees. (*See e.g.*, *id.* ¶¶ 31, 38, 45, 52 & 59). Additionally, particularly problematic are Plaintiff's claims regarding compensation. Plaintiff claims that she knows it is Defendants' policy to not pay any employee time-and-a-half, or overtime, "because [she] ha[s] talked with other employees . . . and was told that they were also not paid for the total amount of time they have worked, nor compensated for all of their overtime hours." (*Id.* ¶ 22). With respect to her knowledge about the specific compensation of the named co-workers, Plaintiff's allegations are similarly unpersuasive, because each contains the same sort of blanket assertion without factual support or is based on inadmissible hearsay.[6] *See Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 09-0379, 2009 WL 1515175, at *3 (W.D. Pa. June 1, 2009) ("Only admissible evidence may be considered in deciding a motion for conditional class certification under 29 U.S.C. § 216(b) of the FLSA."); L. Civ. R. 7.2(a) (Affidavits "shall be restricted to statements of fact within the personal knowledge of the signatory."); *Dreyer v. Altchem Envtl. Servs., Inc.*, No. 06-2393, 2007 WL 7186177, at *3 (D.N.J. Sept. 25, 2007) (declining to consider an affidavit not founded on personal knowledge.). In other words, Plaintiff has not provided any evidence to suggest that she has personal knowledge or

---

[6] (*See* Li Affidavit ¶ 30 ("I know [Anna's] commission because when we got paid, I can see a notebook that has record of everyone's amounts that day."); *id.* ¶ 37 (stating that Helen "mention[ed] about her pay rate being low and Defendants did not pay her overtime"); *id.* ¶ 44 ("I know [Lucy's] commission because I have talked with other employees and know it is common policy that all employees have same working time and commission rate."); *id.* ¶¶ 51, 58, 65 & 82 (providing similar allegations with respect to compensation for HongLi Qu (or "Cindy"), Lily, Lei Pang (or "Sophia"), and Hong Yu He); *id.* ¶¶ 70 & 75 (alleging "knowledge" of Nancy's and Jenny's commission rate because they worked at the new store, and "people [who] worked at the new store would get paid at the old store," and "[they] came back to [the] old store to get payment," and "[t]he commission rate of [the] two stores is [the] same"); *id.* ¶ 89 ("I know [Fei Xu's] commission because we talked about schedule and commission several times when we are not busy . . . other employees have [the] same working time and commission rate.")).

otherwise observed[7] other non-managerial employees fail to receive adequate minimum or overtime wages.[8] *See White*, 743 F. Supp. 2d at 388–89 (concluding that plaintiff's statement "that other similarly situated employees were denied overtime" was conclusory and deficient, where it was based in part upon conversations with other employees).

In sum, the Court finds that while the threshold for conditional certification is modest, Plaintiff has failed to provide evidence of a "factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193.

## IV. CONCLUSION

For these reasons, the Court denies Plaintiff's motion for conditional certification of the FLSA collective action *without prejudice* to Plaintiff refiling this motion at a later date.[9] An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7] Plaintiff does allege that she witnessed several of the named co-workers working approximately 72 hours per week because they worked a similar schedule to her. (*See e.g.*, Li Affidavit ¶¶ 28, 35, 42, 49, 56, 63 & 80).

[8] Plaintiff argues that other courts in the Third Circuit generally grant conditional certification of a collective "based on the pleadings and any affidavits that may have been submitted." (Mov. Br. at 6). Although a court *may* do so, the cases Plaintiff cites in support are distinguishable from the present case. *See, e.g.*, *Herring v. Hewitt Assocs., Inc.*, No. 06-0267, 2007 WL 2121693, at *5 (D.N.J. July 24, 2007) (citing to more than ten deposition transcripts submitted by plaintiff in support of her motion); *Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 17-8043, 2018 WL 5874094, at *2–3 (D.N.J. Nov. 9, 2018) (granting conditional certification where plaintiff submitted her own declaration and an opt-in plaintiff's declaration, and where plaintiff learned at a meeting that all employees in her position were reclassified as exempt and would not receive overtime pay); *Bobryk v. Durand Glass Mfg. Co.*, 50 F. Supp. 3d 637, 642 (D.N.J. 2014) (relying on not one, but multiple sworn declarations); *Bowe v. Enviropro Basement Sys.*, No. 12-2099, 2013 WL 6280873, at *5 (D.N.J. Dec. 4, 2013) ("Plaintiff relies on testimony and declarations offered by himself and the two Opt–In Plaintiffs . . . as well as testimony from Defendants which demonstrates that the challenged policies were official policies . . . that applied equally to all members of the putative class."); *Wright v. Ristorante La Buca Inc.*, No. 18-2207, 2018 WL 5344905, at *2 (E.D. Pa. Oct. 26, 2018) (granting an uncontested motion for a collective action).

[9] *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224-25 (3d Cir. 2016) ("A denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action . . . . [Courts may] permit the issue to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action.").