# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

August 24, 2020

*__Via ECF__*
Honorable Esther Salas
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*LI et al. v CHINESE BODYWORKS INC d/b/a Chinese Bodyworks et al., 18-cv-11277*

Dear Judge Salas:

The Parties write jointly to report the settlement status.

## I.    Background

Plaintiff XIN LI was employed by Defendants CHINESE BODYWORKS INC d/b/a Chinese Bodyworks; and S & L FOOT & BACK RUB INC d/b/a S & L Foot & Back Rub and ZHEN ZHEN WENG, YA JUAN LI, and XINSHU PIAO, (collectively, "Defendants"),

This lawsuit was originally filed on July 01, 2018, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiff alleged that pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) pre-judgment and post-judgment interest, and (4) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

Hon. Esther Salas
February 25, 2020
Page 2

## II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Twenty-Nine Thousand Dollars ($29,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.

"When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements." *Regal v. Twp. of Springfiled*, 2015 U.S. Dist. LEXIS 21748, at *2 (D.N.J. Feb. 24, 2015).  "A court should approve a settlement if it is fair and resolves a bona fide dispute." *Id.* "A proposed settlement resolves a 'bona fide dispute' when it 'reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute,' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Gabrielyan v. S.O. Rose Apts. LLC*, 2015 U.S. Dist. LEXIS 135615, at *3 (D.N.J. Oct. 5, 2015) (quoting *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 U.S. Dist. LEXIS 30366, at *2 (E.D. Pa. Mar. 7, 2014)). "First, the court must determine that the settlement concerns a bona fide dispute.  Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee.  And, third, the court must determine that the agreement does not frustrate the implantation of the FLSA in the workplace." *Id.* at *4.

The Settlement Agreement is attached hereto as Exhibit 1.

### A.  Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Hon. Esther Salas
February 25, 2020
Page 3

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff XIN LI claimed that she worked approximately seventy-two (72) hours on average each week from May 01, 2015 to June 30, 2017; and she was paid Fifteen Dollars ($15.00) per foot rub from May 01, 2015 to June 30, 2017.

Plaintiff XIN LI's overtime compensation shortfall without liquidated damages under the FLSA was Forty-Five Thousand One Hundred Thirteen Dollars And Fourteen Cents ($45,113.14) and her overtime compensation shortfall under the NJWHL was Thirty-Three Thousand Eight Hundred Nineteen Dollars And Forty-Three Cents ($33,819.43). The sum of two FLSA compensatory and liquidated damages, with prejudgment interest, is Ninety Two Thousand Eight Hundred Ninety Nine Dollars and Seventy Nine Cents ($92,899.79).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Twenty-Nine Thousand Dollars ($29,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants, for the purposes of settlement negotiation only, accepted as true, Plaintiff's allegations of period of employment, hours worked and amount of compensation. Even so, Defendants posit that they did not generate $500,000.00 or more in revenue at any time during Plaintiff's employment; therefore, Plaintiff would not be able to prove an element of her FLSA claim – enterprise coverage. Had a settlement not been reached, Defendants would have filed a motion for summary judgment concerning Plaintiff's FLSA claims.

Further, Defendants contend that Plaintiff was a piece rate worker because she was compensated on a per massage basis plus tips. As such, even if Plaintiff could prove that she worked overtime hours that went uncompensated, Plaintiff would not be entitled to 1.5x her regular hourly wage, but half (0.5) of her regular hourly wage for overtime hours worked. 29 C.F.R. § 778.111(a).

Moreover, Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Third Circuit have also held that

Hon. Esther Salas
February 25, 2020
Page 4

Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III.     The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Twenty-Nine Thousand Dollars ($29,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Two Thousand One Hundred Twenty Dollars And Sixty-Two Cents ($2,120.62). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Six Thousand Eight Hundred Seventy-Nine Dollars And Thirty-Eight Cents ($26,879.38).

Of the Net Settlement Amount, One Third (1/3), or Eight Thousand Nine Hundred Fifty-Nine Dollars And Seventy-Nine Cents($8,959.79), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand One Hundred Twenty Dollars And Sixty-Two Cents ($2,120.62) for a total of Eleven Thousand Eighty Dollars And Forty-One Cents ($11,080.41). Of the Net Settlement Amount, Two Thirds (2/3), or Seventeen Thousand Nine Hundred Nineteen Dollars And Fifty-Nine Cents($17,919.59) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses.

### IV.     Disagreements between parties

Although both parties negotiated the original settlement plan, as provided above, in March. Defendants informed Plaintiff on June 8 and proposed a change of the offer. Defendants want to pay $3000 on Aug 1st, then $1,500 per month for the next 18 months

Hon. Esther Salas
February 25, 2020
Page 5

(total of $30k), since Defendants' businesses have been shuttered since March. Given the pandemic and the CDC's social distancing guidelines, there's a good chance their businesses will never recover.

Plaintiffs object to this change of offer in the last minute. Plaintiffs lost their jobs and, comparing to Defendants, Plaintiffs are more severely affected by the Pandemic. Plaintiffs have a more urgent need of money, to pay the food, rent and other living expenses.

For the reasons provided above, Plaintiffs respectfully seek this Court's approval of the original settlement.

Respectfully Submitted,

**TROY LAW PLLC**                              **LEVINE AND BLIT, PLLC**
*Attorneys for Plaintiffs*                        *Attorneys for Defendants*


/s/ Aaron Schweitzer

/s/ John Troy                                     _____
John Troy, Esq.                                   Justin Clark and Adam Kominsky, Esq.
41-25 Kissena Blvd., Suite 103                    19 Eagle Street
Flushing, NY 11355                                Tenafly, NJ 07670
Tel.: 718 762 1324                                Tel: 2015675172