UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

XIN LI,

        Plaintiff,

v.

CHINESE BODY WORKS, INC., *et al.*,

        Defendants.

Civ. No. 18-11277 (ES) (JAD)

ORDER

**MCNULTY, DISTRICT JUDGE**

    **THIS MATTER** having come before the court on the parties' joint application for approval of their settlement agreement (DE 66); and

    **IT APPEARING** that plaintiff Xin Li initiated this action on behalf of herself and all others similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq.*, and a claim for breach of an implied contract (*See* DE 1); and

    **IT APPEARING** that the Hon. Esther Salas, U.S.D.J., denied Plaintiff's motion for class certification by Order dated January 27, 2020; (Order, DE 53); and

    **IT APPEARING** that the parties reached an agreement whereby Plaintiff would resolve her individual claims, and the parties filed a joint application for court approval of the settlement agreement; and

    **IT APPEARING** that the Hon. Joseph A. Dickson, U.S. Magistrate Judge, to whom the joint application was referred, has carefully analyzed the case and

filed a Report and Recommendation ("R&R") that the parties joint application to approve the settlement agreement be granted (DE 67); and

**IT APPEARING** that no objection to the R&R has been filed within 14 days or thereafter, *see* Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2); and

**IT APPEARING** that, Judge Dickson evaluated the motion and soundly concluded *inter alia* that the settlement agreement "is fair and reasonable and reflects the good faith negotiations between represented parties"; and

The matter having been reassigned to me for purposes of this joint application, and the Court finding itself in substantial agreement with, and therefore adopting, Judge Dickson's cogent and well-reasoned R&R;

IT IS this 23rd day of February 2021,

**ORDERED** that the R&R is AFFIRMED pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3)[1]; and is further

**ORDERED** that the joint application to approve the settlement agreement (DE 66) is GRANTED, and this case is dismissed *with prejudice,* except that the Court shall retain jurisdiction for purposes of enforcement of the terms of the settlement.

The clerk shall close the file.

/s/ Kevin McNulty

**Kevin McNulty, U.S.D.J.**

---

[1] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz,* 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).